UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE JACKSON, JR, <br><br> Plaintiffs, <br> v. <br><br> JAMES MILLER, <br> BRIAN PATTON, <br> HAROLD MILLS, <br> FRANCINE BARKER, <br> CAPTAIN NASH, <br> JAME S GIBBS, <br><br> Defendants. | Civil Action No. 14-1635 |

### MEMORANDUM

McHUGH, J.                                                                DECEMBER 8, 2016

Plaintiff was a pretrial inmate at FDC-Philadelphia who alleges that while there, he was twice sexually assaulted in his cell by defendant James Miller. His Amended Complaint states that Defendants Brian Patton, Harold Mills, Francine Barker, Captain Jeremy Nash, and James Gibbs, all employees of the Federal Bureau of Prisons, violated his Fifth and Fourteenth Amendment rights by failing to protect him from assault. Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint, or, in the Alternative, for Summary Judgment. Though I accept all factual allegations as true and construe all inferences in the

light most favorable to Plaintiff, I cannot find that the Amended Complaint contains plausible claims for relief.

As a preliminary matter, Defendants assert that this Court lacks subject matter jurisdiction because Plaintiff has not properly exhausted available administrative remedies. But failure to exhaust is an affirmative defense, not a jurisdictional requisite. *See Jones v. Bock*, 549 U.S. 199, 219 (2007) (holding that failure to exhaust is an affirmative defense and that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances"). Although *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004) allows consideration of exhaustion at the inception of a case, the ability to consider that is dependent upon "indisputably authentic documents." Defendants have failed to create a record that would allow me to consider their exhaustion argument, and therefore jurisdiction exists.

Plaintiff alleges that Defendants were in charge of keeping him safe at the time he was assaulted, and that they knew he was at increased risk of harm. These facts alone, however disturbing, are not enough to entitle Plaintiff to relief. "Not every injury suffered by one prisoner at the hands of another … translates into constitutional liability for prison officials responsible for the victim's safety." *Bistrain v. Levi*, 696 F.3d 352 (3d Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1993)). In order to establish a prima facie case for failure to protect, Plaintiff must show that (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the defendants were deliberately indifferent to that risk of harm, and (3) the defendants' deliberate indifference caused him harm. *Id* at 366. Plaintiff has failed to make this showing.

Plaintiff claims that Miller entered his cell while he was asleep and threatened him with a knife.  This allegation establishes that Plaintiff was incarcerated under conditions that put him at substantial risk of serious harm, and if true raises grave concerns about whether inmate protection at the facility is adequate.  But to show deliberate indifference, a plaintiff must claim that prison officials knew of specific facts indicating a substantial risk of harm.  *Farmer, supra,* 511 U.S. at 837.  Plaintiff does not allege any such facts – he merely states that Defendants were officials at the facility when he was assaulted, that they knew he had an effeminate appearance,   and that they knew he had previously suffered assault within the facility.  Plaintiff states that despite such knowledge of his prior assault and effeminate appearance, Defendants did not take "any reasonable measures to prevent future assaults."

This broad contention might state a claim for negligence; it does not suffice as a claim for deprivation of Constitutional rights.  Plaintiff does not claim that he asked to be placed in protective custody; indeed, he does not claim to have asked for any additional security protection.  Moreover, he does not allege that any particular Defendant was directly responsible for the trauma he experienced.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Plaintiff does not assert that any Defendant knew of the rape before or during its commission; knew that Mr. Miller was likely to harm Plaintiff; knew of and failed to remedy any weaknesses in the security procedures protecting his cell area; or refused a request to enhance Plaintiff's safety within the jail.  He also fails to specify who did what, pleading in general terms without distinguishing between Defendants in any way.

A *pro se* petition should be construed liberally, especially at the motion to dismiss stage. However, Plaintiff has not alleged that Defendants engaged in constitutionally deficient conduct. Accordingly, he has failed to state a claim.[1]

       /s/ Gerald Austin McHugh
United States District Judge

---

[1] Plaintiff also asks this Court to find his fellow inmate, James Miller, liable for assaulting him. Plaintiff has no constitutional claim against Mr. Miller. He is free to pursue a civil action regarding these alleged assaults. I decline to exercise jurisdiction, but Plaintiff may refile against Mr. Miller in state court under 42 Pa. Stat. Ann. §5103.